The prisoner's counsel objected that there was no evidence in the present case to affect the prisoner, without the aid of his confession. The money, the club, and the bags are only of weight as they correspond with the confession, and by that means prove a consciousness and knowledge of the principal fact, whence is inferred the guilt of the prisoner. The confession in the present instance ought not to be received as any part of the evidence against the prisoner; it was extorted by violence, and ought not to have been heard; and having been heard improperly, it ought to be rejected, and then there is no proof against him.
A confession extorted and uncorroborated by circumstances weighs nothing; but a confessions, whether extorted or not, that relates a number of circumstances which the prisoner could not well be acquainted with but as perpetrator of the crime, all of which circumstances are proved by other testimony to have actually existed, is such testimony as should be left to the consideration of a jury. That is the nature of the confession in the present case; and upon such testimony, if the jury are satisfied with its truth and sufficiency, they may find the prisoner guilty. They should be very cautious, however, and examine every circumstance with the most critical nicety before they do so. *Page 386 
The jury found him guilty, and he had judgment of death.
NOTE. — In this case the saddle bags were pointed to voluntarily. Also, part of the money produced before any blow given.
See S. v. Long, ante, 455; S. v. Roberts, 12. N.C. 259.
Cited: S. v. Cruse, 74 N.C. 492; S. v. Lowry, 170 N.C. 733.
(484)